UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

H. WILLIAM VAN ALLEN, GARY M. BOHAN,
KATHERINE B. VAN ALLEN,

                          Plaintiffs,

  -against-                                      1:08-CV-0876
                                                         (LEK/RFT)

JAMES A. WALSH, DOUGLAS A. KELLNER,
EVELYN J. AQUILA, AND HELENA MOSES
DONAHUE, each individually and in their official
capacities as Commissioners of the New York State
Board of Elections, THE NEW YORK STATE
BOARD OF ELECTIONS, THOMAS F. TIURCO
AND JOHN R. PARETE, each individually and in their
official capacities as Commissioners of the Ulster
County Board of Elections, and THE ULSTER
COUNTY BOARD OF ELECTIONS,

                          Defendants.

## ORDER

On August 15, 2008, Plaintiffs commenced the present action against the New York State Board of Elections and its commissioners and the Ulster County Board of Elections and its commissioners. Dkt. No. 1. Defendants filed a Motion to dismiss on September 5, 2008. Dkt. No. 12. On September 8, 2008, Plaintiffs filed an application for a temporary restraining order ("TRO") by order to show cause. Motion (Dkt. No. 13); Mem. of Law (Dkt. No. 14). Defendant Ulster County Board of Elections submitted a response to Plaintiffs' TRO papers on September 8, 2008. Dkt. No. 15.

**I.**      **Background**

Plaintiffs make three Claims in the Complaint, challenging the "lock box" provisions of

1

New York State Election Law sections 5-302(4) and 5-304(1)-(3) (hereinafter "lock-box provisions"). Plaintiffs Bohan and Katherine Van Allen are registered voters but are not enrolled in any particular political party. Compl. at ¶¶ 6-7. They both wish to enroll in the Independence Party and vote for members for County Committee of the Ulster County Independence Party in the opportunity to ballot primary being held in New York on September 9, 2008. Id. at ¶ 43.

On August 15, 2008, Katherine Van Allen made an application to change her enrollment status to be enrolled in the Independence Party. Compl. at ¶ 7. In accordance with Election Law, Katherine Van Allen's application, which was submitted after the 25th day before the primary election, was placed in a sealed enrollment box or "lock box" and will not be placed in a poll ledger or appear on a computer-generated registration list until after the primary election, and her change of enrollment will not be entered until after the general election. Id.; NEW YORK ELEC. LAW 5-302(4); 5-304(3). This effectively prevents Plaintiffs Bohan and Katherine Van Allen from changing their enrollment before tomorrow's primary election since they did not submit their application before the deadline imposed by the statute. Plaintiffs challenge all of the lock-box provisions in the Election Law as unconstitutional.

In their third claim, Plaintiffs challenge the New York State Voter Registration Form and August 8, 2007 Notice. Complaint ¶¶ 90-113.

**II.    Discussion**

**A.    Temporary Restraining Order/Preliminary Injunction**

When deciding a motion for a temporary restraining order, the court follows the same legal standard as that on a motion for a preliminary injunction. Freeman v. McKnight, No. 07-CV-01123, 2007 WL 3254431, at *1 (N.D.N.Y. Nov. 2, 2007) (citing Local 1814, Intern. Longshoremen's

Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992)). Generally, the "district court may grant a preliminary injunction where the moving party establishes: (1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2) either (a) a likelihood of success on the merits of its claim, or (b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor." Id. (citing Moore v. Consolidated Edison Co. of New York, Inc ., 409 F.3d 506, 510-511 (2d Cir. 2005)).

"Such relief . . . is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. " Moore, 409 F.3d at 510-11. However, when the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard. Connecticut Dept. of Environmental Protection v. O.S.H.A., 356 F.3d 226, 230 -231 (2d Cir. 2004) (quoting Beal v. Stern, 184 F.3d 117, 122 (2d Cir.1999) (citations and internal quotation marks omitted)).

Moreover, in some cases, a significantly higher standard applies.  The moving party must make a "clear" or "substantial" showing of a likelihood of success in two instances: where (1) the injunction sought is mandatory, i.e.,"will alter, rather than maintain, the status quo"; or (2) the injunction sought "will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits." Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir.1996).  Here the injunction sought is mandatory, so the court will use the "clear and substantial" showing of a likelihood of success standard.

**B.    Relief requested**

Plaintiffs, in their proposed Order to Show Cause, seek: (1) to direct the Defendants to

comply with an Order issued by the Court in a related case on July 22, 2008, (2) to prohibit Defendants from enforcing and applying the lock-box provisions of the New York State Election Law, (3) to have Defendants immediately notify all registered voters who are not enrolled in any political party in Ulster County that they are allowed to vote in the primaries of the Independence Party, and (4) to direct Defendants to modify the New York State Voter Registration Form to clearly state that registered non-enrolled voters are allowed to vote in the primaries of the Independence Party for statewide and federal public offices.

Although the Court indeed issued an interim Order on July 22, 2008, in Loeber v. Spargo, 1:04-CV-1193, that interim Order was superseded by the Court's dismissal on July 31, 2008 of the action in its entirety for failure to state a claim. See 1:04-CV-1193: July 22 Order (Dkt. No. 107), July 31 Order (Dkt. No. 109). Accordingly, no relief may be based on that Order.

Plaintiffs' request that the Ulster County Board of Elections notify each non-enrolled registered voter of his or her ability to participate in the Independence Party primary and that the Board of Elections hold a separate primary if there is insufficient time to implement the prior Order of the Court is also without merit as there is no statutory or case law authority which supports the requested relief.

Since the rest of Plaintiffs' requested relief is based on the claims made in their Complaint in this action, they will be addressed accordingly below.

**C.    First and Second Claims**

In their First Claim, Plaintiffs contend that the lock-box provisions unconstitutionally burden Plaintiff William Van Allen from waging an effective campaign to reactivate the Ulster County Committee of the Independence Party (Compl. at ¶ 72) and from soliciting non-enrolled voters from

submitting applications for change of enrollment to become members of the Independence Party (Id. at ¶ 72), violate Plaintiff Bohan and Plaintiff Katherine Van Allen's rights to vote for opportunity to ballot candidates for member of the Ulster County Committee of the Independence Party (Id. at ¶ 74) and should be declared unconstitutional as applied to non-enrolled voters who wish to change their enrollment to become members of the Independence Party (Id. at ¶ 80).

In their Second Claim, Plaintiffs allege that since newly registered voters are exempted from the delayed enrollment requirement, Plaintiffs' Equal Protection rights are violated. Compl. at ¶ 87.

### 1.   Res Judicata

As noted in the Complaint, Plaintiff William Van Allen "previously litigated similar issue [sic] as raised in this action in the case of Van Allen v. Cuomo", 07-CV-0722 (N.D.N.Y.). Compl. at ¶ 81. In Van Vallen v. Cuomo, Plaintiff William Van Allen challenged the constitutionality of Section 5-304(3) of the Election Law, asserting claims under Article II, § 1 and Article IV as well as the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Plaintiffs now claim that "adjudication of the case took so long that when the court reached a decision the election in question was over and the case was moot." Compl. at ¶ 81. However, the decision in that case, issued July 19, 2007, was rendered on the merits. See Transcript of TRO hearing before Judge Sharpe, July 19, 2007 (07-CV-0722, Dkt. No. 31) ("TRO hearing transcript"); Memorandum-Decision and Order dated July 19, 2007 (07-CV-0722, Dkt. No. 24) ("Judge Sharpe July 19, 2007 Decision"). Judge Sharpe denied the application for a TRO in that case and dismissed the Complaint in its entirety for failing to state a claim. TRO Hearing Transcript at 20:14-21:5; Judge Sharpe July 19, 2007 Decision. In addition, the decision was issued less than one week after that case was commenced on July 12, 2007, and no election took place during the time that the case

was pending. See N.Y. Election Law § 8-100; N.Y. Laws 1007, ch. 17.

### a.     Legal Standard

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979); accord, Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286-87 (2d Cir 2002); Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2002). The purposes of the doctrine are to relieve the parties of the cost and vexation of multiple lawsuits, preserve judicial resources, minimize the possibility of inconsistent decisions, and ensure the finality of decisions. Brown v. Felsen, 442 U.S. 127, 131 (1979); Montana v. United States, 440 U.S. 147, 153; Milltex Industries Corp. v. Jacquard Lace Co., 922 F.2d 164, 168 (2d Cir. 1991). Res judicata not only prevents a party from relitigating issues and defenses that were raised in an earlier suit, but it bars the relitigation of other issues or defenses that properly could have been raised in that suit. Cieskowska v. Gray Line New York, 295 F. 3d 204, 205 (2d Cir. 2002). Res judicata thus "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were actually asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127,131.

Res judicata applies where: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. Pike v. Freeman, 266 F.3d 78, 91. Motions to dismiss based upon res judicata are properly brought under Fed. R. Civ. P. 12(b)(6). Delor v. Fasano, 05-CV-6470, 2006 U.S. Dist. Lexis 31968, *10 (W.D.N.Y. Apr. 30, 2006).

### b.     Analysis

As noted above, the previous action involved an adjudication on the merits. TRO Hearing Transcript; Judge Sharpe July 19, 2007 Decision. The decision in that case dismissed the challenges to the lock-box provisions based on Article II, § 1 and Article IV as well as the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Id. In addition, the Northern District of New York is a court of competent jurisdiction. Pike v. Freeman, 266 F.3d at 91. The previous action involved Plaintiff William Van Allen, who is in privity with Plaintiff Katherine Van Allen, his mother, and Plaintiff Bohan, his neighbor. Marvel Characters, Inc., 310 F.3d 280, 286-87; Cieskowska, 295 F. 3d 204, 205.

Accordingly, Plaintiffs' First and Second Claims are hereby dismissed under the doctrine of res judicata. In the alternative, and for the sake of thoroughness given the immediacy created by Plaintiffs' eleventh hour filing, the Court will also consider the merits of Plaintiffs' claims.

### 2. The merits of the First and Second Claims

The Court will consider the merits of Plaintiffs' First and Second Claims in accordance with the standard for granting the TRO/Preliminary Injunction and for the purposes of deciding the Defendants' pending Motion to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6).

#### a. Legal Standard

In order for the Court to grant Plaintiffs' TRO or preliminary injunction, Plaintiffs must make a "clear and substantial" showing of a likelihood of success on the merits.

For a complaint to survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to suggest a plausible claim for relief. Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1969 (2007). When deciding a motion to dismiss, the Court must accept all factual allegations contained in the complaint as true, and draw all reasonable inferences in favor

of the plaintiff.  Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, conclusory allegations that merely state general legal conclusions necessary to prevail on the merits but are unsupported by factual averments need not be accepted as true.  Chapman v. New York State Division for Youth, 04-CV-867, 2005 U.S. Dist. LEXIS 40916, *10-11. (N.D.N.Y. Sept. 29, 2005).  Stated another way, plaintiffs must do more than plead mere "conclusory allegations or legal conclusions masquerading as factual conclusions." Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000). For purposes of a motion to dismiss, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.  Chapman, 2005 U.S. Dist. LEXIS 40916, *12-13.

    **b.**    **Analysis**

In regards to Plaintiffs' challenges to Section 5-304(3), the Supreme Court, in Rosario v. Rockefeller, already flatly rejected a similar challenge to a substantially identical provision of New York's former Election Law that mandated a delayed enrollment period even longer than the one imposed by Section 5-304(3).  410 U.S. 752 (1973).  The Supreme Court noted that the reason for the delay was "to inhibit party 'raiding'" and held that "New York did not prohibit the petitioners from voting in the . . . primary election or from associating with the political party of their choice.  It merely imposed a legitimate time limitation on their enrollment." Id. at 1252.  Accordingly, the lock-box scheme was upheld as "not constituting an unconstitutionally onerous burden on voters' exercise of the right to vote or the freedom of political association." Id.  The Supreme Court thus held that New York's time limitation for enrollment in a particular party is "tied to particularized legitimate purpose, and is in no sense invidious or arbitrary." Id. at 762; see also, Storer v. Brown, 415 U.S. 724, 736 (1974) ("It appears obvious to us that the one-year disaffiliation provision

furthers the State's interest in the stability of its political system. We also consider that interest as not only permissible, but compelling.").

In addition, as previously noted by Judge Sharpe, "New York's statute which exempts newly registered voters from the delayed enrollment requirement serves the salutary goal of encouraging new voter participation in the political process." Judge Sharpe July 19, 2007 Decision at 5-6.

In light of these decisions, the Court finds that Plaintiffs are unable to show a "clear and substantial" showing of a likelihood of success on the merits or a plausible claim for relief. Accordingly, Plaintiffs' requests for a Temporary Restraining Order and a Preliminary Injunction on the First and Second claims are thus both denied, and Plaintiffs' First and Second Claims are dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

**D.     Third Claim**

In their Third Claim for relief, Plaintiffs challenge the constitutionality of the New York State Voter Registration Form, claiming that "[p]ursuant to the decision of the Hon. Justice Thomas J. McNamara, the New York State Board of Elections and County Board of Elections [sic] are required to indicate on the [Registration Form] that the Independence Party holds open primaries. . . ." Compl. at ¶ 93.  It appears that Plaintiffs are referring to the decision of Acting New York State Supreme Court Justice Thomas McNamara, in Van Allen v. Democratic State Committee, 1 Misc. 3d 734; 771 N.Y.S.2d 285 (Sup. Ct. Albany Co. 2003) (McNamara, A.J.S.C.).  In that case, Judge McNamara held the State of New York's system of **state-mandated** closed primaries was unconstitutional, and that political parties should be free to determine whether their own primaries would be opened or closed.

However, it does not appear that Judge McNamara ever Ordered the New York State Board

of Elections to "indicate on the [Registration Form] that non-enrolled voters may vote in the Independence primary." Compl. at ¶ 93. Even if Judge McNamara had issued such an Order, Plaintiffs' recourse would lie before the New York Supreme Court, and not this Court.

In addition, Plaintiffs concede in their Complaint that the Registration Form in fact does discloses that the Independence Party "permit[s] non-enrolled voters to vote in their primary elections." See Compl. at ¶ 97. Samples of the Registration Form, attached as Exhibits A, B and D to the Complaint, also confirm that the Registration Form explicitly states that the Independence Party "permit[s] non-enrolled voters to vote in their primary elections." Plaintiffs also claim that the Registration Form is"false and misleading" because "it states that all political parties . . . including the Independence Party require that a voter be enrolled in that party in order to vote in a primary." Compl. at ¶¶ 98- 99, 101. Again, Plaintiffs' statement that the Registration Form discloses that the Independence Party permits non-enrolled voters to vote in their primary elections, and a review of the attached sample Registration Forms, both contradict this claim. See Compl. at ¶ 97 and Exhibits A, B and D.

Plaintiffs likewise contend that the August 8, 2007, Notice is "false and misleading" in that it "state[s] flatly that all political parties in New York State including the Independence Party require that a voter be enrolled in that party to vote in a primary." Compl. at ¶ 101. However, the copy of the August 8, 2007, Notice attached as Exhibit C to the Complaint does not include such a statement. See Complaint, Exh, C.

Accordingly, the Court finds that Plaintiffs' Third Claim is without merit, and does not establish a "clear and substantial" showing of a likelihood of success on the merits as needed to support a Temporary Restraining Order or a Preliminary Injunction, or a plausible claim for relief as

10

needed to survive Defendants' Motion to Dismiss.  Therefore, Plaintiffs' requests for a Temporary Restraining Order and a Preliminary Injunction on the Third claim are both denied, and Plaintiffs' Third Claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**E.     Conclusion**

Therefore, based on the foregoing, it is hereby

**ORDERED**, that the Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED:     September 8, 2008

        Albany, New York

Lawrence E. Kahn
U.S. District Judge